# City of Austin
# Law Department

City Hall, 301 West 2nd Street, P.O. Box 1546
Austin, Texas 78767-1546

Writer's Direct Line                                                                          Writer's Fax Line
(512) 974-2201                                                                                   (512) 974-1311

September 8, 2015

**Via E-Service to:**
The Honorable Sam Sparks
Judge, Western District of Texas, Austin Division
U.S. District Court
501 West 5th Street
Austin, Texas 78701

Re:   Cause No. A 13 CV 1006SS, *United Motorcoach Ass'n v. City of Austin*, In the U.S.
       District Court for the Western District of Texas – Austin Division

Judge Sparks:

The City submits this letter brief in response to the Court's request, made during the hearing on August 31, 2015, for a chart comparing the City's charter bus regulations with any corresponding regulations adopted by the State of Texas/Federal Government. Specifically, the Court inquired whether the City's regulations overlapped with the State's, and if so, whether the City's regulations are related to safety, and whether the City's regulations are compatible with the State's regulations. A chart responding to this request is attached hereto as Exhibit A.

At the risk of repeating some of the information in the briefs, the City provides the following explanatory notes to the Court:

1.   The State of Texas has adopted a limited number of the Federal Motor Carrier Safety Regulations (FMCSRs). These are: 49 C.F.R. parts 40, 380, 382, 385, 386, 387, 390-393 and 395-397. As discussed in the City's initial motion (Doc. # 62) many of the FMCSRs adopted by Texas have nothing to do with charter bus service. Therefore, the attached Exhibit A does not purport to cover every FMCSR adopted by the State or Federal Government—only those that might overlap or conflict with the City's regulations.

2.   The FMCSRs, whether adopted by the State or not, do not discuss state or local permits. Instead, 49 U.S.C. §§ 13501, *et seq.* sets out the Secretary's jurisdiction over transportation (§13506 exempts transportation that takes place entirely within a city). Transportation providers that fall into that jurisdiction must register for authority to operate pursuant to 49 U.S.C. § 13901, *et seq.* Within the FMCSRs, 49 C.F.R. 392.9a

provides (somewhat tautologically) that vehicles needing operating authority from the Secretary must have that authority when in operation.

3. As UMA has conceded, the only law or regulation that specifically preempts the City's permit requirements is 49 U.S.C. § 14501(a). Of course, the City maintains that its permit requirements—along with the other Charter Bus Regulations—are exempted from preemption by 49 U.S.C. § 14501(a)(2) because they are related to safety.

4. Moreover, there is no law or regulation, other than 49 U.S.C. § 14506, that preempts the City's requirement to display a sticker. The City maintains, for the reasons stated in its motion for summary judgment, that this requirement is not preempted by 49 U.S.C. § 14506.

For the reasons stated in this letter-brief, the Court's order partially granting and partially denying UMA's motion for preliminary injunction, and in the City's prior briefing, the City respectfully asks the Court to grant its motion for summary judgment and deny the Plaintiff's motion for summary judgment.

Respectfully submitted,

Christopher Coppola
Assistant City Attorney
State Bar No. 24036401

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the foregoing *Defendant's Letter Brief* on all parties, or their attorneys of record, in compliance with the Federal Rules of Civil Procedure, this 8th day of September, 2015.

**Via E-Service to:**
Dan R. Mastromarco
The Mastromarco Firm, PLLP
703 Giddings Avenue, #U6
Annapolis, MD 21401-1492

\s\ Christopher Coppola
CHRISTOPHER COPPOLA

